IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| V. | § § | |
| ROBERT CONFALONE, | § § | No. 3:15-mj-787-BK |
| Defendant. | § § | |

**<u>MEMORANDUM OPINION AND ORDER STAYING RELEASE ORDER</u>**

Defendant Robert Confalone is charged with violating 18 U.S.C. § 922(g)(3) in a complaint out of this district. *See* Dkt. No. 1. The government moved for pretrial detention, *see* Dkt. No. 6, and a hearing was held on the government's motion on November 5, 2015. Following the hearing, the Court denied the motion and ordered Defendant released on conditions, including home incarceration. The following morning, November 6, the government filed a Motion to Stay, seeking to have the release order stayed and Defendant remanded to custody pending a decision by a district judge on a 18 U.S.C. § 3145(a)(1) motion to revoke the release order that the government intended to file by close of business the same day. *See* Dkt. No. 8. The Court scheduled a hearing on the motion for 1:00 p.m. on November 6, and ordered that counsel for both parties and Defendant personally appear, which they did. *See* Dkt. No. 10.

For the reasons explained on the record, the Court GRANTS the government's Motion to Stay [Dkt. No. 8].[1]

18 U.S.C. § 3145(a)(1) provides that, "[i]f a person is ordered released by a magistrate judge ... – (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." The United States Court of Appeals for the Fifth Circuit has held that, although "§ 3145 does not expressly authorize a stay," a stay of a release order is authorized and procedurally proper pending *de novo* review by a district judge of a 18 U.S.C. § 3142 release order on a 18 U.S.C. § 3145(a)(1) motion for revocation. *See United States v. Brigham*, 569 F.3d 220, 230 (5th Cir. 2009). The Fifth Circuit has explained that, "given that the issue being reviewed involves a person's release from custody pending further legal proceedings, the absence of stay authority could render the district court's review power illusory. Specifically, if the district court disagrees with the magistrate judge's determination regarding release versus detention, but no stay is in place, the person in question may have harmed the community or disappeared by the time the district court's ruling is rendered and detention is ordered." *Id.*

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

The Court concludes, based on the Fifth Circuit's decision in *Brigham*, that a stay is procedurally proper here even where Defendant has already been released pursuant to the Court's Order Setting Conditions of Release and even though, as of the time of the hearing on the Motion to Stay, a motion to revoke is not yet on file. (The motion has now been filed. *See* Dkt. No. 11.)

In light of this authority and the possibility that a district judge will, on *de novo* review, determine that Defendant should be detained, the Court determines that its Order Setting Conditions of Release [Dkt. No. 7] should be and hereby is stayed pending *de novo* review under Section 3145(a)(1) and that Defendant should be and hereby is remanded into custody pending the outcome of that review and decision on the government's 18 U.S.C. § 3145(a)(1) motion for revocation.

It is ORDERED that Defendant be, and hereby is, committed to the custody of the Attorney General and United States Marshal pending the outcome of a *de novo* review by a district judge of the Court's Order Setting Conditions of Release [Dkt. No. 7] on the government's 18 U.S.C. § 3145(a)(1) motion to revoke [Dkt. No. 11].

It is ORDERED that while in the custody of the Attorney General and the United States Marshal, Defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is ORDERED that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel.

It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

SO ORDERED.

DATED: November 6, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE