IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | Criminal No. 3:15-MJ-787-BK |
| VS. | § | |
| | § | |
| ROBERT CONFALONE | § | |

MEMORANDUM OPINION
AND ORDER

The United States of America (the "government") moves pursuant to 18 U.S.C. § 3145(a) to revoke the magistrate judge's order setting conditions for the release of Robert Confalone ("Confalone"). Following *de novo* review of a recording of the detention hearing,[1] and for the reasons that follow, the court denies the motion and orders Confalone released while awaiting indictment and trial under the terms of the order setting conditions of release that Judge Horan signed on November 5, 2015.

I

Confalone is charged by criminal complaint with a violation of 18 U.S.C. § 922(g)(3), that is, unlawfully possessing a firearm that had been shipped or transported in interstate and/or foreign commerce, while an unlawful user of and/or addicted to a controlled substance. Following his arrest, Confalone appeared before Judge Horan for an initial

---

[1] "In reviewing a magistrate judge's order of pretrial release, the district court acts *de novo* and makes an independent determination of whether release is proper." *United States v. Arias*, 119 F.3d 2 (5th Cir. 1997) (citing *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992); 18 U.S.C. § 3145(a)(1)). The court's review of the record developed before the magistrate judge is an appropriate procedure to comply with that obligation. *See, e.g., United States v. Farguson*, 721 F. Supp. 128, 129 n.1 (N.D. Tex. 1989) (Fitzwater, J.).

appearance and detention hearing. The government moved for pretrial detention under 18 U.S.C. § 3142(e) and (f), contending that Confalone should be detained while awaiting indictment and trial because there is a serious risk that Confalone will flee; he is charged with a felony involving a firearm, destructive device, or other dangerous weapon; and there are no conditions of release that will reasonably assure his appearance as required or the safety of any other person and the community.

The government's witness at the detention hearing was Special Agent Kenneth Benton ("Agent Benton") of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). Agent Benton testified about Confalone's regular illegal drug use; the discovery of marihuana in his vehicle; Confalone's angry outburst toward his mother over the telephone after the search of his vehicle; the discovery of drug paraphernalia in Confalone's residence; the discovery and seizure of about 40 firearms from Confalone's residence, including machine guns and destructive devices; Confalone's threat to engage in a gun battle with law enforcement agents if they returned to his residence; Confalone's escape from an ATF vehicle, after being arrested and handcuffed, in which he ran into oncoming traffic on a busy street; and Confalone's attempt to stuff a sock down his throat while in custody. Agent Benton also testified that he was not aware that Confalone had hurt anyone else; that Confalone's parents had been fully cooperative; and that he does not believe that Confalone's parents would ever lie or fail to cooperate with law enforcement.

Linda L. Clanton ("Clanton"), Confalone's mother, has agreed to be a third-party custodian. She testified at the detention hearing that Confalone unlawfully uses marihuana;

Confalone's physician advised that his heavy marihuana use has exacerbated his mental health conditions; when Confalone fails to take his medications, he becomes extremely agitated; Confalone has been verbally violent but never physically violent toward her; Confalone was not taking all of his medications when he was arrested; Confalone does not always obey her orders to take his medications; Confalone takes at least five medications daily for physical health problems and around eight or nine medications daily for mental health problems; Clanton fills Confalone's pill box every week; Confalone had a steady job until recently, when he and the employer mutually agreed to terminate his employment until his mental health problems are resolved; and Confalone has never had a federal or felony case against him. Clanton also testified that she is at home full time and able to monitor Confalone and ensure that he takes his medications; she would report to authorities if Confalone did not take his medications or took any illegal drugs; Confalone is doing better and taking his medications; and she is concerned that Confalone will not be properly medicated if he is detained and unable to see his doctors, who know him well.

Judge Horan found probable cause to believe that Confalone committed the alleged violation of 18 U.S.C. § 922(g)(3), as charged in the complaint. He denied the government's motion for pretrial detention, finding that the government had failed to demonstrate by a preponderance of the evidence that no condition or combination of conditions would reasonably ensure Confalone's appearance as required, and that the government had failed to demonstrate by clear and convincing evidence that no condition or combination of conditions would reasonably ensure the safety of any other person and the community. In

his order setting conditions of release, Judge Horan ordered that Confalone be released while awaiting indictment and trial on the following conditions: (1) he be placed in the custody of Clanton, who has agreed to supervise him, use every effort to assure his appearance at all court proceedings, and notify the court immediately if he violates a condition of release or is no longer in her custody; (2) Confalone must submit to supervision by and report for supervision to the supervising officer no later than November 5, 2015; (3) Confalone must get medical and psychiatric treatment as directed by pretrial services; (4) Confalone must not possess a firearm, destructive device, or other weapon; (5) Confalone must not use alcohol; (6) Confalone must not use or unlawfully possess a narcotic drug or other controlled substances, defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; (7) Confalone must submit to testing for a prohibited substance if required by the pretrial services office or supervising office; (8) Confalone must participate in a program of inpatient or outpatient substance abuse therapy and counseling, if directed by the pretrial services office or supervising office; (9) Confalone must participate in, and comply with the requirements as directed of, home incarceration, under which he is restricted to 24-hour-a-day lock down at his parents' residence except for medical necessities, court appearances, lawyer or pretrial visits with advance notice, or church with his parents; (10) Confalone must submit to location monitoring as directed by the pretrial services office or supervising office and comply with all of the program requirements and instructions provided; (11) Confalone must pay all or part of the cost of the program based on his ability to pay, as determined by the pretrial services or supervising officer; (12) Confalone must, as soon as possible, report

to the pretrial services office or supervising office every contact with law enforcement personnel, including arrests, questioning, or traffic stops; and (13) Confalone must remove all firearms from his parents' residence. Judge Horan stayed Confalone's release on November 6, 2015 so that the government could seek review of the order setting conditions of release, and the government now moves for review and revocation of the order.[2]

II

A

An individual shall be released pending trial unless a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

> The court applies a clear and convincing evidence standard in determining that no condition or combination of conditions will reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(f)(2) ("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."). The court applies a preponderance of the evidence standard in deciding whether he is a flight risk. The court can detain [Confalone] on the basis that he is a flight risk, without considering whether he would be a risk to the community if released. *See* [*United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985)] ("[T]he lack of reasonable assurance of either the defendant's appearance or the safety of others or the community is sufficient [to detain a defendant without bond]; both are not required.").

---

[2]Confalone filed a response to the government's motion on November 9, 2015. Because the court did not invite or permit a response, it has not considered the response in deciding the government's motion.

*United States v. Simpson*, 2009 U.S. Dist. LEXIS 129667, at *1 n.5 (N.D. Tex. Nov. 12, 2009) (Fitzwater, C.J.), *aff'd*, 360 Fed. Appx. 537 (5th Cir. 2010).

B

Following *de novo* review of the detention hearing, the court finds that the government has failed to establish clear and convincing evidence that the combination of conditions imposed by the order setting conditions of release will not reasonably assure the safety of any other person and the community, and that it has failed to establish by a preponderance of the evidence that the combination of conditions will not reasonably assure Confalone's presence at trial.  Confalone has never been physically violent toward anyone and has not been previously charged with a federal crime or a felony offense; his problems with law enforcement around October 26, 2015 occurred when he was not taking his medications; and he is currently taking his medications.  Additionally, Confalone's mother (Clanton) has a history of working with Agent Benton in this matter.  For example, she contacted Agent Benton on her own initiative when problems arose with Confalone, and she reported to Agent Benton Confalone's verbal threat against officers.  Clanton also testified that she stays at home full time, is prepared and willing to serve as Confalone's third-party custodian, and will report to law enforcement any violations of the conditions included in the order setting conditions of release.  The court finds that the combination of conditions already set out by Judge Horan's November 5, 2015 order setting conditions of release will assure Confalone's appearance as required and the safety of any other person and the community.  Accordingly, the court denies the government's November 6, 2015 motion for

review and revocation of release order.

* * *

Following *de novo* review of the magistrate judge's order setting conditions of release, and for the reasons explained, the court denies the government's November 6, 2015 motion for review and revocation of release order. It orders that Confalone be released while awaiting indictment and trial under the conditions set forth by Judge Horan's November 5, 2015 order setting conditions of release.

**SO ORDERED**.

November 10, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE